**UNITED STATES DISTRICT COURT FOR**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT D. KLINE, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. |
| v. | |
| UNITED NORTHERN MORTGAGE BANKERS LIMITED, a New York domestic business corporation (d/b/a Senior Security Advisors and/or Senior Security Home Advantage), ACCESS FUNDING, LLC, a foreign limited liability company registered in Maryland (d/b/a Assoc LLC, and/or En Cor LLC), ACCESS HOLDING, LLC, a Delaware limited liability company, and RELIANCE FUNDING, LLC, a Maryland limited liability company | JURY TRIAL DEMANDED |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Robert D. Kline ("Plaintiff"), brings this Class Action Complaint and Demand for Jury Trial on behalf of himself and all others similarly situated against Defendants United Northern Mortgage Bankers Limited ("United Northern"), Access Funding, LLC (subsequently known or otherwise doing business as Reliance Funding LLC) ("Access Funding"), Access Holding, LLC ("Access Holding"), and Reliance Funding, LLC (previously known or otherwise doing business as Access Holding) ("Reliance Funding") (collectively, "Defendants"), under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), as a result of Defendants harassing consumers nationwide with automated and prerecorded telemarketing calls, and alleges as follows upon personal knowledge as to himself and his own acts and

1

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF ACTION

1.      United Northern works together with Access Funding, Access Holding, and/or Reliance Funding to market their mortgage, lending, and other financial services to consumers.

2.      Defendants do so by placing unsolicited calls to cellular telephones of consumers nationwide—without obtaining their prior express consent—in violation of the TCPA.

3.      Neither Plaintiff nor the other members of the proposed Class ever provided their cellular telephone numbers to Defendants or their agents for the purpose of receiving telemarketing calls.

4.      By making, or having made on their behalf, the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, and the invasion of personal privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless telephone carriers for the receipt of such calls.

5.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks, *inter alia*, an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff is an individual who resides in Snyder County, Pennsylvania.

7.     United Northern is a domestic business corporation under the laws of the state of New York, with its principal executive office located at 3601 Hempstead Turnpike, Levittown, New York 11756.

8.     Access Funding is registered in Maryland as a foreign limited liability company, with principal address at 6900 Wisconsin Avenue, Suite 700, Chevy Chase, Maryland 20815.  It can be served through its resident agent, Maryland Agent Service, Incorporated, 8007 Baileys Lane, Pasadena, Maryland 21122.  At all relevant times, Access Funding operated in all fifty United States, and upon information and belief, conducted business under two alter-ego names: Assoc LLC, and/or En Cor LLC.

9.     Access Holding is a limited liability company organized under the laws of Delaware and headquartered at 6900 Wisconsin Avenue, Suite 700, Chevy Chase, Maryland. Access Holding is the sole and managing member of Access Funding and is legally responsible for the liabilities of Access Funding.

10.    Reliance Funding is a limited liability company and is the successor company to Access Funding.  Reliance Funding's principal place of business is at 6900 Wisconsin Ave, Suite 700, Chevy Chase, Maryland.  On October 17, 2015, after being notified of the United States Consumer Financial Protection Bureau's investigation through service of a Civil Investigative Demand, Access Funding, through its affiliate Access Holding, sold its assets to Reliance Funding.  *See United States Consumer Financial Protection Bureau v. Access Funding, LLC, et al*, Civ. No. 1:16-cv-03759-JFM (D. Md.) at Dkt. No. 1, ¶ 9 (Complaint filed November 21, 2016).  Reliance Funding can be served through its resident agent, Neil Gurvitch of Bethesda Service Company, Incorporated, 4416 East West Highway, Fourth Floor, Bethesda, Maryland 20814.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under a United States federal statute, the TCPA, which specifically authorizes this Court to exercise subject matter jurisdiction over this matter. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each phone call in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the telephone calls at issue were directed at Plaintiff who resides in this District.

## FACTUAL ALLEGATIONS

13.     United Northern markets mortgage and other lending services to consumers through telemarketing calls and on its website, http://unitednorthern.com/.

14.     Access Funding is in the working capital financing business and markets its services to consumers through telemarketing calls.

15.     Reliance Funding is in the working capital financing business and markets its services to consumers through telemarketing calls.

16.     Upon information and belief, based upon the presence of consumer complaints posted online, Plaintiff alleges that Defendants and their agents placed telemarketing calls to the cell phones of persons they hoped were potential customers of Defendants' respective services.

17.     On May 19, 2017, Plaintiff received an unsolicited call to his cellular telephone number ending in 3448 (the "3448" Number).  The call made to his cellular phone displayed information as being made from area code 570, which is the area code that applies to Plaintiff's cellular telephone and covers much of central Pennsylvania where he lives.  The complete phone number was 570-390-8405.

18.     Upon information and belief, the unsolicited call placed to Plaintiff's cellular telephone was placed through an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

19.     In making the calls at issue in this Complaint, Defendants utilized an ATDS, which is hardware and software that has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention.  The automated dialing equipment also is, or includes features substantially similar to, a predictive dialer meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest (or placing them on hold).  Accordingly, consumers receiving calls from Defendants are frequently confronted with "dead air" or the sound of the call being disconnected (otherwise known as an "abandoned call").

20.     Plaintiff answered the call and encountered several seconds of "dead air" before being connected with a live agent who identified himself as Rob.  Rob then transferred Plaintiff to a man named Shawn who identified himself as an employee of Access Funding.  Shawn asked Plaintiff several preliminary questions, then eventually transferred Plaintiff to Patricia Losito, a purported lender for United Northern.

21.     Plaintiff asked Patricia Losito the number for her company and she provided the company's telephone number, ending in "5700" and offered her cell number, ending in "5902".

22.     Plaintiff is the subscriber and sole user of the 3448 Number and is financially responsible for phone service to the 3448 Number.

23.     The telephone numbers that Defendants, or their agents, made calls to were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

24.     "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Similarly, "[t]he term 'telephone solicitation' means the initiation of a … message for the purpose of encouraging the purchase … of … services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4). Defendants' calls to Plaintiff and Class members promoting their mortgage, lending, and other financial services were made without their express permission and therefore constituted "unsolicited advertisements" and "telephone solicitations."

25.     These telephone calls constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     Plaintiff and Class members have never had any relationship, business or otherwise, with Defendants.

27.     Plaintiff and Class members have never provided their telephone numbers to Defendants.

28.     At no point in time did Plaintiff or the Class members provide Defendants with their prior express written consent or express consent (pursuant to 47 U.S.C. § 227(b)(1)(B)) to be contacted using an ATDS or a prerecorded message.   Therefore, Defendants' phone calls violated 47 U.S.C. § 227(b)(1).

29.     The internet is replete with complaints from consumers who have received similar calls from Defendants.   Examples of some of these complaints are provided below:



https://800notes.com/Phone.aspx/1-855-411-3325 (last visited February 27, 2018).



**281-858-7775**

Country: USA
281 area code: Texas (Baytown, Houston, Missouri City)

1 | Euro Auto Repair Brooklyn
We specialize in European auto repair and maintenance. Certified Technicians, Honest Rates baydiagnostic.com

2 | Gartner Magic Quadrant - Mitel Communications
Mitel Named a Leader by Gartner for the 4th Straight Year. See The Report! mitel.com/Magic_Quadrant

Read comments below about 2818587775. Report unwanted calls to help identify who is using this phone number.

bp
27 Oct 2014
0

new number, same old story. They will fund my business with no credit!.....sure you will

*Caller: access funding*
*Call type: Telemarketer*

https://800notes.com/Phone.aspx/1-281-858-7775 (last visited February 27, 2018).

Martha
19 Sep 2016
0

I received a call from this number and all she said was she needed to speak to my partner because they are 2 complaints against her and they are getting ready to serve her a summons for a court day for a loan back in 2010 that the check bounced and she never paid it. I told her I would tell her and she gave me 866-502-1938 to have her call back on. I have checked that number and it has been linked on here to payday loan scams. My partner is disable and is extremely upset about this. What should I do?

*Caller: Access Holding*
*Call type: Debt collector*

Reply !

https://800notes.com/Phone.aspx/1-850-392-7971 (last visited February 27, 2018).

Maureen
21 Nov 2017 | 6 replies
-3

Here is another scan number for the record 844-204-2432. I'm going to call the local news with my story and I will also call the FBI FRAUD # that was given (thank you). I'm in the final stage of breast cancer and thanksgiving and my son's birthday is 2 days away and I have to speak with my kids and their wives about my final wishes. As I'm preparing for our holiday here, I get this call that totally freaked me out and I got hysterical, tore my house apart looking for a payday loan from 2011 that I never paid off. Well I never took one in 2011, for the longest time she would not give me the name of the company but finally said "access holding " when I looked up that name I found a wealth of information (thanks everyone) and now I'm MAD!!! I feel that something has to be done if it's the last thing I do (literally). They should be ashamed of themselves, seriously how can people get away with this sort of thing? I'm on a mission now!

Reply !



https://800notes.com/forum/ta-429fb24ec2162e3-250/fake-payday-loan-collection-scams-please-list-new-numbers-here-2 (last visited February 27, 2018).

Complaint

Natalie
7 Oct 2015
Country: United States

0

This place is calling me and my family members stating that they are trying to collect a claim on a loan from 2011. They are completely unprofessional and cannot tell me anything about the debt except an amount that I supposeldy owe and trying to get me to set up a payment plan and resolve. They are threatening me with reporting to credit however, there is no report on my credit and if this were a true collection it would then be on my credit!

!

https://complaintwire.org/complaint/C9k9DiWpFw0/upg-and-access-holdings-llc (last visited February 27, 2018).

Lavina replies to Leila
21 Mar 2017 | 1 reply

0

I have the same problem.They call and tell me that I owe a large amount of money but won't tell me who it is for. All they keep saying is I own them (whom I don't even know). They won't even send me any names of these people.

Reply !

Mayra replies to Lavina
4 Apr 2017

0

I just got a call from Them and a "mediator" that they are threatening me to send me to court for 600 + loans that first they said I did on line then when I told them I have never done online then they switch their story and said I walked in. They are very unprofessional and go around the bush in trying to make u forget you are asking who the company is that supossibly lend you money. They are scammers beware

Reply !



https://complaintwire.org/complaint/C9k9DiWpFw0/upg-and-access-holdings-llc   (last   visited

February 27, 2018).

---

10/14/2016          Problems with Product/Service

**Complaint**
My complaint with this company is they not know what the word no and stop
mean, they keep calling and sending me items in the mail and I've asked them
several times to stop calling us and to remove us from their call and mailing list
but they haven't done so as of today 02/08/2016. I consider... this as a form of
harassment and it should be stopped! Sincerely, ****** * *****
(Show More of Complaint)

**Desired Resolution**
I just want them to be stop bothering us and be held accountable for their
actions, I'm sure that we are not the only ones who have gone through this
with them!

**Consumer Business Dialog**

**Business**
From: Lee J*********<**********@reliancefunding.com>Date: Fri, Sep 30, 2016
at 11:13 AMSubject: RE: My apologies for the late response but I have been
out of town on and off the last 2 weeks dealing with a family emergency. This
morning, I did have an opportunity to finally sit... down and have discussions
with key people in the organization who are informed on the details of the
subject matter regarding *** *****'s complaint (ID #:  ********).  The notes in our
system show the following. -        On January 14th 2016, our sales
representative spoke to ****** *****.  He advised us that his son, ****,  was the
customer and to call back. -        We did take him off of our mailing list on
2/29/2016 and never mailed him again after that request was made. -        He
was also taken off the calling list.  The last call made to him before being
removed was on 3/2/2016 at 3:04pm.  He did not answer that call.  This is a
simple case where the actual customer (**** *****) lived with his father, ******,
for some time and then moved and ****** was still receiving calls and mail.
However, that was rectified and corrected on the dates noted above.  The
confusion arose because ****** and his son were mixed up in our system.
Nevertheless, the do not mail and call requests were processed at the
beginning of the year.  I hope this satisfies the complaint inquiry and results in
a positive disposition.  Please let me know if you have any additional
questions. In connection with the original complaint filed by ****** ***** on
2/8/2016, please note that we had not received that complaint.  We were in
transition and short staffed and this must have unfortunately fallen through the
cracks. Also, I would like the opportunity to meet and introduce myself and our
organization as we are interested in becoming members in good standing with
the Better Business Bureau.  Please let me know if you have time available in
the next few weeks and I will come down to your offices so that we may have
an opportunity to meet in person.  Thank you for your kind assistance in
resolving this matter. Sincerely, Lee J. *********

(Show More of Consumer Business Dialog)

https://www.bbb.org/washington-dc-eastern-pa/business-reviews/financial-services/reliance-funding-in-chevy-chase-md-235996786/reviews-and-complaints (last visited February 27, 2018).

https://www.bbb.org/washington-dc-eastern-pa/business-reviews/financial-services/reliance-funding-in-chevy-chase-md-235996786/reviews-and-complaints (last visited February 27, 2018).

30.     Plaintiff has standing to bring these claims because Defendants' violation of the TCPA resulted in a concrete and particularized injury to him in the form of invasion of privacy, an unwanted and unauthorized phone call received by his cell phone that caused wasted time addressing an unwanted phone call, unwarranted distraction from his personal and work activities, aggravation and distress, unavailability of his cell phone when it was receiving the unauthorized telephone call and depletion of his cell phone's battery and the resulting cost to recharge the phone.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

32.     Plaintiff represents, and is a member of the following class:

All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call made through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from Defendants, or anyone on Defendants' behalf, promoting Defendants' goods or services, to said person's cellular telephone number, who had not expressly

consented in writing to receive such calls. Excluded from the Class are: (1) Defendants and their affiliates, officers, and directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiff's counsel.

33.    **Numerosity.**  Upon information and belief, Defendants have placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  Therefore, the members of the Class, are believed to be so numerous that joinder of all members is impracticable.  The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  The Class is also objectively defined and presently ascertainable by reference to records in the possession of Defendants or third parties, and their identification is a matter capable of ministerial determination from, *inter alia*, Defendants' call records.

34.    **Common Questions of Law and Fact.**  There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) Whether Defendants made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

(b) Whether Defendants made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones using an ATDS;

(c) Whether Defendants can meet their burden of showing that they obtained prior express consent to make such calls;

(d) Whether Defendants' conduct was knowing and willful;

(e) Whether Defendants are liable for damages, and the amount of such damages; and

(f)  Whether Defendants should be enjoined from such conduct in the future.

35.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendants routinely violate the TCPA is correct, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

36.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

37.     **Protecting the Interests of Class Members**.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class

38.     **A Class Action is Superior.**  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are believed to be in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits.  The likelihood of individual Class Members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases.

39.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas

another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the Class**

40.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

41.     It is a violation of the TCPA to make

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service ….

47 U.S.C. § 227(b)(1)(A)(iii).

42.     Defendants—or third parties directed by Defendants—used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and Class Members.

43.     Defendants—or third parties directed by Defendants—made prerecorded or artificial voice calls to the cellular telephones of Plaintiff and Class Members.

44.     These calls were made without regard to whether Defendants had first obtained express written consent to make such calls.  In fact, Defendants did not have prior express written consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

45.     Defendants violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

46.     As a result of Defendants' conduct, and pursuant to § 227(b)(3)(B) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to $500.00 in damages for each violation.  Plaintiff and the class are also entitled to an injunction against future calls.

## COUNT II
### Violation of the TCPA, 47 U.S.C. § 227(b)(3)(c)
### On behalf of Plaintiff and the Class

47.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

48.     At all times relevant to this action, Defendants knew or should have known that their conduct as alleged herein violated the TCPA.

49.     Defendants knew that they did not have prior express written consent or prior express consent to make these calls to Plaintiff and Class Members.

50.     Defendants knew or should have known that they were using equipment which constitutes automatic telephone dialing systems under the TCPA to place these calls and/or that they were using artificial or prerecorded calls that violated the TCPA.

51.     Based on Defendants' knowledge of the foregoing, Plaintiff and Class Members are entitled to an award of $1,500 in statutory damages for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a.     An order determining that this action is a proper class action under Federal Rule of Civil Procedure 23, certifying Plaintiff as a Class representative under Rule 23 of the Federal

Rules of Civil Procedure, and certifying Plaintiff's counsel as Class Counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

b.      A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

c.      An injunction enjoining Defendants from placing telephone calls in violation of the TCPA without the prior express permission of the called party;

d.      An award of actual and/or statutory damages, including but not limited to, $500.00 for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e.      A declaration that Defendants willfully and/or knowingly engaged in the conduct described herein in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(C);

f.      An award of three times the amount of actual and/or statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C);

g.      An award of any and all costs and expenses incurred by Plaintiff and the other members of the Class by bringing this action, including reasonable counsel fees and expert fees; and

h.      Such further and other relief the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable claims.

Dated:  February 28, 2018             Respectfully submitted,

                         */s/ Benjamin F. Johns*
                         Benjamin F. Johns (PA ID No. 201373)
                         Andrew W. Ferich (PA ID No. 313696)
                         Mark B. DeSanto (PA ID No. 320310)

Email: bfj@chimicles.com
      awf@chimicles.com
      mbd@chimicles.com
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA  19041
Telephone: 610-642-8500
Facsimile: 610-649-3633

Seth M. Lehrman *(Pro Hac Vice to be filed)*
E-mail: seth@epllc.com
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Attorneys for Plaintiff and the Putative Class*