UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. KLINE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED NORTHERN MORTGAGE<br>BANKERS LIMITED, ET AL.,<br><br>　　　　　Defendants. | Case No. 4:18-CV-00489-MWB<br><br><br><br><br>Judge:　Hon. Matthew W. Brann |

**REPLY IN SUPPORT OF DEFENDANT
UNITED NORTHERN'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Local Rule 7.7, Defendant United Northern Mortgage Bankers Limited ("United Northern"), by and through its undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint.  United Northern incorporates by reference its Motion to Dismiss (ECF No. 20) and Brief in Support (ECF No. 21) ("MTD" or "Motion") as if fully stated herein.

**PRELIMINARY STATEMENT**

Plaintiff's failure to engage in due diligence and proffer a well-pleaded complaint capable of satisfying Federal Rule of Civil Procedure 8(a) warrants the dismissal of his lawsuit against United Northern.  After United Northern filed its Motion, Plaintiff was free to amend his complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B).  He chose not to do so.  Instead, Plaintiff's Response (ECF No. 22) ("Pl.'s Resp.") misstates applicable law, obfuscates his own allegations, and misrepresents United Northern's arguments to obscure the deficient nature of his complaint.

For instance, Plaintiff cannot credibly claim that he has adequately pled direct liability

1

under section 227(b)(1)(A)(iii) of the TCPA when the statute, FCC guidance, and relevant case law all require the defendant to have made the call at issue. Plaintiff's ill-conceived focus on direct liability also highlight's his failure to adequately plead vicarious liability. He does not allege an agency relationship between United Northern and any other defendant or third party.

Plaintiff also improperly lumps together the defendants, offers no allegations to support a "willful or knowing" claim under the TCPA, and fails to properly allege the use of an automatic telephone dialing system ("ATDS"). These pleading deficiencies underscore how Plaintiff has failed to satisfy Rule 8(a). Finally, by not responding to United Northern's final argument in its Motion, Plaintiff concedes that the TCPA does not provide for attorneys' fees.

## ARGUMENT

### 1.   The Law Concerning Direct Liability Under the TCPA is Clear

The TCPA, FCC guidance, and relevant case law all require the defendant to make, i.e., physically place, the call at issue in order to be held directly liable under the statute. 47 U.S.C. § 227(b)(1)(A)(iii) ("It shall be unlawful for any person . . . *to make any call* . . . to any telephone number assigned to a . . . cellular telephone service . . . .") (emphasis added); 12 C.F.R. § 64.1200(c)(2) ("No person or entity may . . . *initiate any telephone call* . . . to any telephone number assigned to a . . . cellular telephone service . . . .") (emphasis added); *see In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013) ("a seller is not directly liable for a violation of the TCPA unless it initiates a call"); *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (holding that, under the TCPA, a telemarketer can only be held liable for calls placed by an agent through federal common law agency principles of vicarious liability); *Kern v. VIP Travel Servs.*, No. 16-CV-8, 2017 U.S. Dist. LEXIS 71139, at *16 (W.D. Mich. May 10, 2017) ("Under the TCPA, the party who makes or initiates a call not permitted by the statute is directly liable , but the TCPA also permits vicarious liability."); *Jackson v.*

*Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) (holding that direct liability only applies to the party who makes the call or text message); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440, 2015 U.S. Dist. LEXIS 160349, at *18 (S.D.N.Y. Nov. 30, 2015) ("Because Plaintiffs do not plead that [defendant] 'made,' *i.e.*, physically placed or actually sent, the text messages, the TAC fails to state a claim that is plausible on its face under section 227(b)(1)(A)(iii) of the TCPA."); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (citing *In re Dish Network, LLC*, 28 FCC Rcd. at 6582) (holding that defendants cannot be held directly liable under the TCPA for calls placed by third parties).

In its declaratory ruling, *In re Dish Network, LLC*, the FCC addressed whether a party that does not place a telephone call may be held directly liable under the TCPA. Its holding was clear: "Our rules have long drawn a distinction between the telemarketer who initiates a call and the seller on whose behalf a call is made. In accordance with those rules . . . we clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call . . . ." *In re Dish Network, LLC*, 28 FCC Rcd. at 6582 ¶ 24. The FCC further explained that "a construction of the statute that concludes that a seller always initiates a call that is made by a third party on its behalf would entirely collapse the distinction, reflected in our current rules, between seller and telemarketer." *Id.* at 6583 ¶ 27. Accordingly, Plaintiff's allegations do not create direct liability for United Northern.

Nowhere in the complaint does Plaintiff allege that United Northern made the call to Plaintiff's cellular phone. Quite the opposite—Plaintiff alleges that he spoke to "a live agent who identified himself as Rob. Rob then transferred Plaintiff to a man named Shawn who identified himself as an employee of Access Funding. Shawn asked Plaintiff several preliminary questions, then eventually transferred Plaintiff to Patricia Losito, a purported lender for United

Northern." Compl. ¶ 20.  Plaintiff avers that he spoke to two different individuals, including an employee of Access Funding, before being transferred to United Northern.  However, merely participating during a call does not trigger direct liability.  Plaintiff's own allegations demonstrate that United Northern did not make the call and preclude direct liability under the TCPA.

Moreover, Plaintiff's erroneous reliance on *Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp. 3d 700 (M.D. Pa. 2014), cannot save his deficient pleading.  *Hartley-Culp* is based upon an FCC ruling from 2007, which dealt expressly with creditors and debt collectors.  *Hartley-Culp*, 52 F. Supp. 3d at 702-03 (citing *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 565 ¶ 10 (F.C.C. 2007) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.")).  Plaintiff does not allege that United Northern is a creditor or debt collector.

More importantly, *Hartley-Culp* does not cite to or discuss the more recent FCC ruling of *In re Dish Network, LLC*, which controls the matter before this Court.  Based upon *Hartley-Culp's* own reasoning for following FCC rulings, 52 F. Supp. 3d at 703, *In re Dish Network, LLC*, requires the dismissal of Plaintiffs' direct liability claim.

Finally, Plaintiff misstates the holding in *Richardson v. Verde Energy USA, Inc.*, No. 15-CV-6325, 2016 U.S. Dist. LEXIS 175642 (E.D. Pa. Dec. 19, 2016).  The plaintiffs in *Richardson* alleged that the defendant made the calls at issue, and the court held that these allegations supported a claim for direct liability under the TCPA.  *Id*. at *10.  Upon a close reading, the cases relied upon by Plaintiff do not support his direct liability claim.

## 2.   Plaintiff Has Failed to Plead Vicarious Liability Under the TCPA

Plaintiff does not sufficiently allege an agency relationship to support vicarious liability

under the TCPA.  *See In re Dish Network, LLC*, 28 FCC Rcd. at 6584 ¶ 28 (holding that "seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers"); *Kristensen*, 879 F.3d at 1014 (affirming dismissal of TCPA action based upon vicarious liability for failure to satisfy agency principles); *Kern*, 2017 U.S. Dist. LEXIS 71139, at *27-28 (holding that a plaintiff must allege facts from which to infer an agency relationship for a TCPA vicarious liability claim); *Jackson*, 88 F. Supp. 3d at 138 (dismissing TCPA claim where plaintiff failed to adequately plead an agency relationship between the telemarketer and seller); *Melito*, 2015 U.S. Dist. LEXIS 160349, at *20-28 (dismissing TCPA claim where plaintiff failed to adequately plead an agency relationship).

Rather than plead facts to support a plausible allegation of agency, Plaintiff makes general, non-descript references to "Defendants and their agents."  *See generally* Pl.'s Comp. ¶¶ 3, 4, 16, 23, 33.  These vague references are, by definition, conclusory because they offer no factual allegations concerning an agency relationship between the named "Defendants" or any other entities, let alone an agency relationship concerning United Northern.  These conclusory assertions cannot support a TCPA vicarious liability claim.  *Dolan v. PHL Variable Ins. Co.*, 15-CV-01987, 2017 U.S. Dist. LEXIS 176565, at *16-18 (M.D. Pa. Oct. 25, 2017) (conclusory averments that are identical for each defendant cannot support an agency relationship).

Finally, for the same reasons *Hartley-Culp* does not support Plaintiff's direct liability claim, Plaintiff's reliance on *Hartley-Culp* for vicarious liability is also misplaced.  *See* Pl.'s Resp. at 9-10.  *Hartley-Culp* fails to consider "the allegations necessary to state an agency relationship under the federal common law interpreting the Restatement [(third) of Agency]." *Jackson*, 88 F. Supp. 3d at 139 (discussing *Hartley-Culp* and dismissing plaintiff's TCPA claim for failing to plausibly plead an agency relationship); *see also In re Dish Network, LLC*, 28

F.C.C.R. at 6586 ¶ 46 (setting forth demonstrative facts that may plausibly establish an agency relationship). Likewise, more recent case law from the Middle District of Pennsylvania holds that an agency relationship must be adequately pled to survive a motion to dismiss. *Dolan*, 2017 U.S. Dist. LEXIS 176565, at *17 (a plaintiff cannot "survive a motion to dismiss if they offer solely conclusory or insufficient statements to imply an agency relationship").

**3.    Plaintiff Has Not Alleged a Willful or Knowing Violation of the TCPA**

In order to state a willful or knowing violation of the TCPA, Plaintiff must "plead that defendant *was made aware of/notified* that Plaintiff did not consent to calls from Defendant." *Duchene v. OnStar, LLC*, No. 15-CV-13337, 2016 U.S. Dist. LEXIS 97129, at *19 (E.D. Mich. July 26, 2016) (emphasis added) (dismissing a substantially similar willful or knowing TCPA claim). Plaintiff does not plead that United Northern was aware or notified of his non-consent, nor does he address this argument in his Response.

Instead, Plaintiff offers the Court a red herring by discussing the TCPA and express consent as an affirmative defense. *See* Pl.'s Resp. at 13. Plaintiff's discussion of express consent, however, has no bearing on United Northern's Motion. The question here is not whether Plaintiff gave express consent, but whether Plaintiff has adequately pled that United Northern was made aware of his lack of consent to the single telephone call at issue. *See Duchene*, 2016 U.S. Dist. LEXIS 97129, at *17-19. Because Plaintiff offers only conclusory assertions, his claim should be dismissed.

**4.    Plaintiff Improperly Lumps Together Defendants**

Plaintiff claims, without citing any legal support, that dismissing without prejudice the other named defendants somehow alleviates the need to comply with Rule 8(a). *See* Pl.'s Resp. at 14. This illogical argument should not be countenanced by the Court. Plaintiff cannot redraft

his allegations simply by dismissing the other named defendants. *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (holding that "the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Winter v. Pa. State Univ.*, 172 F. Supp. 3d 756, 766 (M.D. Pa. 2016) (holding that a complaint may not be amended through briefs in opposition to a motion to dismiss).

Further, Plaintiff's claim—that since United Northern is the only remaining defendant in this action, "all allegations in the Complaint are directed toward United Northern, alone"—creates a puzzling result. Pl.'s Resp. at 3. Specifically, Plaintiff's complaint references numerous internet complaint logs which discuss—exclusively—Access Funding and Access Holding. *See* Compl. at ¶ 29. These allegations cannot be squared with Plaintiff's contention that they are "directed toward United Northern."

Plaintiff also does not address case law from this circuit, which holds that lumping together defendants fails to satisfy basic federal pleading standards. *See* MTD at 7-8. Instead, Plaintiff relies on district court cases from the Second Circuit, which have no precedential value and are inapposite to the case at hand. *See Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d 724 (S.D.N.Y. 2017) (addresses a different section of the TCPA concerning faxes, 47 U.S.C. 227(b)(1)(C), which has different pleading requirements); *Hard Rock Cafe Int'l, (USA), Inc., v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 562 (S.D.N.Y. 2011) (holding that the complaint was "sufficient because it pleads specific facts about the relationship between [the moving defendant] and other [d]efendants, and states claims against [the moving defendant]); *Hudak v. Berkley Grp.*, Inc., No. 13-cv-0089, 2014 U.S. Dist. LEXIS 8168, at *12-14 (D. Conn. Jan 23, 2014) (discussing specific allegations made as to each defendant).

Tellingly, the one case cited by Plaintiff from the Middle District of Pennsylvania,

*Mathias v. York Cty.*, supports United Northern's argument for dismissal. *Mathias v. York Cty.*, No. 16-CV-01338, 2017 U.S. Dist. LEXIS 27409 (M.D. Pa. Feb. 28, 2017). In *Mathias*, the court dismissed the complaint and held that "when the court cannot reasonably determine from the allegations what conduct each defendant was personally involved in, the complaint fails to comply with *Twombly* and *Iqbal*." *Id*. at *28-29. Here, the lack of factual allegations pled against United Northern, coupled with Plaintiff's failure to differentiate between the companies identified in his complaint, warrants the dismissal of this lawsuit.

**5.    Plaintiff Fails to Adequately Plead the Use of an Automatic Telephone Dialing System**

As United Northern argued in its MTD, Plaintiff does not properly allege the use of an ATDS because only one call and one pause are not enough to plead a TCPA violation. *See* MTD at 8-9; *Smith v. Aitima Med. Equip., Inc.*, No. 16-CV-00339, 2016 U.S. Dist. LEXIS 113671, at *19-20 (C.D. Ca. July 29, 2016) ("Without more, one phone call and one pause do not support a shift from speculation to plausibility, as required under the pleading standard.").

Plaintiff does not address this argument, and all of the cases relied upon by Plaintiff either involve more than one call or are inapposite. *See Richardson*, 2016 U.S. Dist. LEXIS 175642, at *5-6 (explaining that the plaintiffs "further support the [ATDS element of a TCPA] claim by alleging that they received an extraordinarily high volume of calls, and that they continued to receive the calls despite having asked the defendant to stop calling"); *Abella v. Student Aid Ctr., Inc.*, No. 15-CV-3067, 2015 U.S. Dist. LEXIS 147299, at *3 (E.D. Pa. Oct. 30, 2015) (alleging that plaintiff received "many unwanted text messages" over the course of two months); *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 579-80 (D. Del. 2015) (defendants did not challenge the ATDS pleading element, which prompted only a cursory

comment from the court)[1]; *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014) (the court offers no legal analysis concerning the ATDS pleading element); *Iniguez v. CBE Grp.*, 969 F. Supp. 2d 1241, 1243, 1247 (E.D. Cal. 2013) (alleging that Plaintiff received numerous calls to her cell phone and heard an artificial voice); *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12-CV-599, 2012 U.S. Dist. LEXIS 81332, at *2, *13 (S.D. Cal. June 11, 2012) (alleging that plaintiffs received multiple calls, with some calls not even connecting to a live person).

Plaintiff also conspicuously leaves out two cases from his recitation of those cited in *Richardson* that further support United Northern's argument for dismissal. *See Evans v. Nat'l Auto Div., L.L.C.*, No. 15-CV-8714, 2016 U.S. Dist. LEXIS 29348, at *2-5 (D.N.J. Mar. 7, 2016) (holding that plaintiff's ATDS allegations were sufficient because plaintiff supplied details, such as the "frequency and persistence of the calls"); *Oliver v. DirectTV, LLC*, No. 14-CV-7794, 2015 U.S. Dist. LEXIS 47964, at *7-8 (N.D. Ill. Apr. 13, 2015) (holding that the plaintiff who received only four calls did not allege "beyond the 'speculative level' that Defendant actually used an ATDS").

Plaintiff's deliberate avoidance of United Northern's argument and failure to properly plead the use of an ATDS warrants the dismissal of his complaint.

## 6.   Plaintiff Concedes that Attorneys' Fees Are Not Recoverable under the TCPA

Plaintiff fails to respond to United Northern's argument that the TCPA does not provide for an award of attorneys' fees. *See* MTD at 9-10. Because of Plaintiff's failure to respond, the argument must be deemed unopposed and his claim for attorneys' fees dismissed. *See* L.R. 7.6;

---

[1] The defendants in *Gross* made a bare-bones challenge to the complaint, arguing only that "the allegations are merely cursory and cannot be substantiated" and that the "plaintiffs are unable to present one iota of factual proof to support their claim(s)." *Gross*, 123 F. Supp. 3d at 579. The defendants did not challenge the use of an ATDS.

*Sikkelee v. Precision Airmotive Corp.*, 07-cv-886, 2011 U.S. Dist. LEXIS 38382, at *15 (M.D. Pa. Apr. 8, 2011) (granting defendants' motion to dismiss a number of claims because the plaintiff failed to respond to the defendants' arguments); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (holding that plaintiff, by responding to some, but not all, of the defendant's motion to dismiss arguments, abandoned and waived those claims).

## **CONCLUSION**

For the foregoing reasons, United Northern respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

By: */s/ Timothy P. Ofak*
Timothy P. Ofak (PA Bar No. 203087)
Jason W. McElroy (Pro Hac Vice)
B. Kyle McWaters (Pro Hac Vice)
Weiner Brodsky Kider PC
1300 19th Street, N.W.
Fifth Floor
Washington, D.C. 20036
Telephone: 202-628-2000
Fax: 202-628-2011
Email: mcelroy@thewbkfirm.com
      ofak@thewbkfirm.com
      mcwaters@thewbkfirm.com

*Counsel for Defendant United Northern Mortgage Bankers Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of May, 2018, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

By: _/s/ Timothy P. Ofak_
    Timothy P. Ofak
    PA Bar No. 203087