# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT K. KLINE, | No. 4:18-CV-00489 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UNITED NORTHERN MORTGAGE BANKERS LTD., | |
| Defendant. | |

## MEMORANDUM OPINION

### SEPTEMBER 17, 2018

Defendant United Northern Mortgage Bankers Limited ("United Northern") moved to dismiss the complaint filed by Plaintiff Robert K. Kline. For the reasons that follow, that motion will be granted in part and denied in part.

## I. BACKGROUND

On May 19, 2017, Mr. Kline received an unsolicited call on his cell phone.[1] After answering the call, he heard several seconds of silence before being greeted by an individual identified as "Rob."[2] "Rob" transferred Mr. Kline to "Shawn," who claimed to work for a company called Access Funding.[3] "Shawn," in turn,

---

[1] Complaint (ECF No. 1) at ¶ 17.

[2] *Id.* ¶ 20.

[3] *Id.*

transferred Mr. Kline to a Patricia Losito, who identified herself as a lender for United Northern.[4]

On February 28, 2018, Mr. Kline filed a class action complaint in this Court alleging (1) that the May 19, 2017 call was made using an automated dialing system, an artificial or prerecorded voice, or both; (2) that the call was not made for emergency purposes; (3) that Mr. Kline did not consent to receiving such a call; and (4) that the call, therefore, violated several provisions of the Telephone Consumer Protection Act ("TCPA").[5] On April 16, 2018, United Northern moved to dismiss that complaint.[6]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[7] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[8] the court does

---

[4] *Id.*

[5] The original complaint also named three additional defendants—Access Funding, LLC; Access Holding, LLC; and Reliance Funding, LLC—whom Mr. Kline voluntarily dismissed on March 19, 2018. ECF Nos. 11, 12, 13, 16.

[6] ECF No. 20.

[7] Federal Rule of Civil Procedure 12(b)(6).

[8] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

not, however, assume the truth of any of the complaint's legal conclusions.[9] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[10]

### B. Whether Mr. Kline Has Sufficiently Alleged That United Northern Made the May 19, 2017 Call

The TCPA makes it unlawful to "make any call . . . using any automated telephone dialing system or an artificial or prerecorded voice" to a cell phone, unless the call is "made for emergency purposes" or is "made with the express consent of the called party."[11] United Northern argues that Mr. Kline has failed to sufficiently allege that United Northern was itself the maker of the May 19, 2017 call.

This Court respectfully disagrees. Mr. Kline has clearly alleged both that United Northern "used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to [Mr. Kline's] cellular

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[10] *Id.*

[11] 47 U.S.C. § 227(b)(1)(A)(iii).

telephone[]"¹² and that United Northern "made prerecorded or artificial voice calls to [Mr. Kline's] cellular telephone[]."¹³

Mr. Kline's direct liability TCPA claim against United Northern, then, survives.

### C. Whether Mr. Kline Has Sufficiently Alleged That United Northern is Vicariously Liable for the May 19, 2017 Call

Courts have interpreted the TCPA as imposing vicarious liability.¹⁴ However, United Northern argues that Mr. Kline has failed to sufficiently allege that the maker of the May 19, 2017 call was acting as United Northern's agent.

Again, this Court disagrees. In addition to the direct liability allegations above, Mr. Kline has alternatively alleged that the May 19, 2017 call was made by a "third part[y] directed by" United Northern.¹⁵ Additionally, Mr. Kline has alleged that, after answering the unsolicited call, he was eventually connected to a self-identified United Northern agent, a fact that allows this Court to infer that whoever made the call was acting in some capacity on United Northern's behalf.¹⁶

---

¹² Complaint ¶ 42.

¹³ *Id.* ¶ 43.

¹⁴ *Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp. 3d 700, 703 (M.D. Pa. 2014).

¹⁵ Complaint ¶¶ 42, 43.

¹⁶ *See Hartley-Culp*, 52 F. Supp. 3d at 704 (holding that plaintiff adequately alleged vicarious liability TCPA claim by alleging that the call at issue was made "at [defendants'] direction, and under their control").

Mr. Kline's vicarious liability TCAP claim against United Northern, then, survives.

**D. Whether Mr. Kline Has Sufficiently Alleged a Willful or Knowing Violation of the TCPA**

The TCPA allows for treble damages if a "court finds that the defendant willfully or knowingly violated" the prohibition on automatically-dialed or artificial-or-prerecorded-voice calls.[17] United Northern argues that Mr. Kline has failed to sufficiently allege that United Northern's violative actions were willful or knowing.

This Court disagrees. Mr. Kline has alleged that United Northern (1) "knew that [it] did not have [Mr. Kline's] prior . . . express consent" to make the May 19, 2017 call;[18] (2) "knew . . . that [it] was using" an automatic telephone dialing system or an artificial or prerecorded voice;[19] and (3) "knew . . . that [its] conduct . . . violated the TCPA."[20]

Mr. Kline's request for treble damages, then, survives.

---

[17] 47 U.S.C. § 227(b)(3).

[18] Complaint ¶ 49.

[19] *Id.* ¶ 50.

[20] *Id.* ¶ 48.

### E. Whether Mr. Kline Sufficiently Alleged That the May 19, 2017 Call Was Made Using An Automatic Telephone Dialing System

As noted *supra*, the TCPA makes it unlawful to place certain calls "using any automatic telephone dialing system."[21] United Northern argues that Mr. Kline has failed to sufficiently allege that the May 19, 2017 call was placed using such a system.

Once again, this Court disagrees. Mr. Kline has directly alleged that the May 19, 2017 call "was placed through an automatic telephone dialing system," and has even spelled out, in some detail, how such a system operates.[22] In addition, Mr. Kline has alleged that, upon answering the call, he encountered several seconds of silence ("dead air") before anyone spoke to him,[23] an allegation which other courts have found sufficient in these circumstances.[24]

Mr. Kline, then, has sufficiently alleged that the May 19, 2017 call was made using an automatic telephone dialing system.

### F. Whether the TCPA Allows a Plaintiff to Recover Attorneys' Fees

United Northern argues that Mr. Kline's demand for attorneys' fees must be dismissed, because the TCPA does not allow for recovery of such fees. Mr. Kline

---

[21] 47 U.S.C. § 227(b)(1)(A).

[22] Complaint ¶ 19.

[23] *Id.* ¶ 20.

[24] *See, e.g.*, *Richardson v. Verde Energy USA, Inc.*, Civil Action No. 15-6325, 2016 WL 7380708, at *2-3 (E.D. Pa. 2016).

did not answer this argument. In any event, this Court agrees with United Northern.[25]

Mr. Kline's demand for attorneys' fees, then, will be dismissed.

## III. CONCLUSION

For the reasons that follow, Mr. Kline's demand for attorneys' fees will be dismissed. The remainder of United Northern's motion to dismiss, however, will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[25] *See id.* at *6.